1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **CENTRAL DISTRICT OF CALIFORNIA**

10

11    JUANA BARRERA,                    )        NO. ED CV 12-764-E
                                        )
12                    Plaintiff,        )
                                        )
13           v.                         )        **MEMORANDUM OPINION**
                                        )
14    MICHAEL J. ASTRUE, COMMISSIONER   )        **AND ORDER OF REMAND**
      OF SOCIAL SECURITY,               )
15                                      )
                                        )
16                    Defendant.        )
                                        )
17    _____ )

18

19           Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

20    HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

21    judgment are denied and this matter is remanded for further

22    administrative action consistent with this Opinion.

23

24                              **PROCEEDINGS**

25

26           Plaintiff filed a complaint on May 17, 2012, seeking review of

27    the Commissioner's denial of benefits.  The parties filed a consent to

28    proceed before a United States Magistrate Judge on June 15, 2012.

Plaintiff filed a motion for summary judgment on October 19, 2012. Defendant filed a motion for summary judgment on October 29, 2012. The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed May 21, 2012.

**BACKGROUND**

Plaintiff, a former healthcare worker and carpet packer, asserts disability since November 1, 1998, based on a combination of alleged impairments (Administrative Record ("A.R.") 36-194).  At an administrative hearing, counsel for Plaintiff invited the Administrative Law Judge ("ALJ") to consider Rule 202.09 of the Medical Vocational Guidelines ("the Grids")[1] (A.R. 51).  Given Plaintiff's vocational factors and residual functional capacity, Rule 202.09 would direct a finding of disability as of late 1998 if and only if Plaintiff is "illiterate," within the meaning of the Grids.

At the administrative hearing, Plaintiff testified that she can read and write in Spanish but not in English (A.R. 45).  The ALJ then asked, "How about short, simple words, like 'go,' 'stop'?," to which Plaintiff responded "Yeah, some." (Id.).  One of Plaintiff's forms in the Administrative Record contains handwriting stating:  "Priscilla Carbajal completed this form for me because I don't read english [sic]" (A.R. 137).  The record contains some evidence of Plaintiff's ability to understand spoken English (A.R. 42-43) (ALJ questioned Plaintiff without translation during part of the administrative

---

[1]     The Grids may be found in 20 C.F.R. Part 404, Subpart P, Appendix 2.

hearing).   Plaintiff also testified that she used English at work "a little" and that she went to "classes in my work [as a caregiver] for the people" (A.R. 42, 44).   The record is silent regarding whether Plaintiff's work or "classes" required reading and writing in English.

The ALJ declined to apply Grid Rule 202.09, finding that Plaintiff is not illiterate (A.R. 20-21).   The ALJ reportedly based this finding "on [Plaintiff's] responding to questions before they were translated, and her own testimony in English for a while, and her having attended classes in English for work and using some English at work" (A.R. 20).

The ALJ found Plaintiff not disabled (A.R. 17-22).   The Appeals Council denied review (A.R. 1-3).

                         **STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.   See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

"Illiteracy means the inability to read or write."  20 C.F.R. 404.1564(b)(1).  "We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name."  Id.  Under the regulations, "illiteracy" means illiteracy in English.  See Silveira v. Apfel, 204 F.3d 1257, 1261 (9th Cir. 2000); Chavez v. Department of Health and Human Services, 103 F.3d 849, 852 (9th Cir. 1996).  The Administration "bears the burden of establishing that [the claimant] is literate."  Silveira v. Apfel, 204 F.3d at 1261.  A claimant's ability orally to communicate in English does not mean that the claimant is literate.  Id.

In the present case, the record contains scant evidence of Plaintiff's literacy.  The only direct evidence that Plaintiff can read and write in English (despite her denials of such ability) consists of Plaintiff's vague response "Yeah, some" to the ALJ's question regarding whether Plaintiff can read or write "short, simple words, like 'go,' [and] 'stop'" (A.R. 45).  The evidence Plaintiff used some English at work and went to English-speaking "classes" in her work may or may not betray literacy, depending on the nature of the work and the nature of the classes.  However, the record does not disclose whether Plaintiff's work or her classes required reading and writing.

Courts have concluded that similarly scant evidence of reading and writing falls short of carrying the Administration's burden of

establishing literacy.  <u>See, e.g.</u>, <u>Obispo v. Astrue</u>, 2012 WL 4711763,
at *4 (C.D. Cal. Oct. 3, 2012) ("plaintiff testified that he can read
and speak 'a little bit' of English . . . [but] it is unclear what
plaintiff meant by 'a little bit,' or how significant this evidence is
in relation to the other evidence of plaintiff's English skills, which
reflects that plaintiff consistently required the assistance of an
interpreter"); <u>Franco v. Astrue</u>, 2012 WL 3638609, at *13-14 (C.D. Cal.
Aug. 23, 2012) (the plaintiff reportedly "was able to answer questions
at the hearing before the interpreter could interpret the questions"
but "speaking English does not pertain to [the claimant's] literacy
ability in reading and writing.  When asked if plaintiff can read in
English, plaintiff stated, '[a] little bit yes, but I don't write it -
I write it in my form of Spanish'"); <u>Calderon v. Astrue</u>, 2009 WL
3790008, at *9-10 (E.D. Cal. Nov. 10, 2009) (the plaintiff testified,
"I can read a little bit and I can write a little bit, not much"; the
court reasoned that "a vague response of '[a] little bit' in response
to whether or not a claimant can read or write English is insufficient
to establish that plaintiff can read or write a simple message in the
English language . . . Perhaps indeed he can, but the record is far
from clear"); <u>Delgado v. Barnhart</u>, 305 F. Supp. 2d 704, 715-17 (S.D.
Tex. Feb. 19, 2004) ("The Plaintiff's writing abilities in English are
not clear from the record.  The Plaintiff initially offered
contradictory assessments of his abilities and then concurred with the
ALJ's suggestion of '[a] little bit' . . . Unfortunately '[a] little
bit' remains unqualified and undefined.  Is the plaintiff able, for
example, to 'write a simple message such as instructions or inventory
lists'?  Such a determination is critical to an assessment of
literacy") (citations omitted).

1    "The ALJ has a special duty to fully and fairly develop the
2    record and assure that the claimant's interests are considered."
3    Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  "This duty
4    exists even when the claimant is represented by counsel."  Id.  Given
5    this duty, given the Administration's burden of proof, and given the
6    determinations of other courts on similar facts, this Court finds that
7    the present record does not contain substantial evidence to support
8    the ALJ's finding on the literacy issue.[2]

9

10   Defendant appears to suggest that any Grid-related error
11   concerning literacy was harmless because "the vocational expert
12   considered Plaintiff's limited English in eroding the numbers of the
13   representative occupations by 90 percent" (Defendant's Motion at 4).
14   Defendant thereby references expert testimony on which the ALJ relied
15   in finding that there exist jobs Plaintiff could perform
16   notwithstanding her limitations.  Defendant's apparent suggestion of
17   harmless error is not well taken.  A conclusion of disability, when
18   directed by the Grids, is irrebuttable.  See Lounsburry v. Barnhart,
19   468 F.3d 1111, 1115-16 (9th Cir. 2006); Cooper v. Sullivan, 880 F.2d
20   1152, 1157 (9th Cir. 1989).  Thus, if the Administration concludes
21   after fuller development of the record that Plaintiff is illiterate,

22

23       [2]   Defendant appears to suggest that the ALJ's "adverse
     credibility finding" furnishes substantial evidence to support
24   the ALJ's finding on the literacy issue.  Any such suggestion
     lacks merit.  The ALJ's adverse credibility finding expressly
25   concerned only the accuracy of Plaintiff's "statements concerning
     the intensity, persistence and limiting effects of these
26   symptoms" (i.e., the symptoms resulting from Plaintiff's
     "medically determinable impairments") (A.R. 19).  In any event,
27   an adverse credibility finding, by itself, would rarely if ever
     furnish affirmative evidence sufficient to carry a burden of
28   proof on a contested issue.

the Administration must find Plaintiff disabled under Grid Rule

202.09, regardless of any vocational evidence that Plaintiff could

perform work.  See id.


    Because the circumstances of the case suggest that further

administrative review could remedy the ALJ's error, remand is

appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see

generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an

administrative determination, the proper course is remand for

additional agency investigation or explanation, except in rare

circumstances).


**CONCLUSION**


    For all of the foregoing reasons,[3] Plaintiff's and Defendant's

motions for summary judgment are denied and this matter is remanded

for further administrative action consistent with this Opinion.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


    DATED: November 1, 2012.


                        _____/S/_____
                              CHARLES F. EICK
                        UNITED STATES MAGISTRATE JUDGE


---

        [3]   The Court has not reached any other issue raised by
Plaintiff except insofar as to determine that reversal with a
directive for the payment of benefits would not be appropriate at
this time.